UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENRIQUE AHUMADA-MEZA,

    Plaintiff,

    v.

CITY OF MARYSVILLE AND MATTHEW GOOLSBY, in his individual capacity,

    Defendants.

No.   2:19-cv-1165

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## I. INTRODUCTION

1.    The City of Marysville (the "City") and Sergeant for the Marysville Police Department, Matthew Goolsby ("Goolsby," collectively "Defendants"), unlawfully held Plaintiff Enrique Ahumada-Meza ("Mr. Ahumada") overnight after he was ordered to be released on his personal recognizance, without any lawful basis to seize him. Defendants based their unlawful detention solely on a detainer issued by the United States Department of Homeland Security ("DHS"). However, as several courts have recognized, DHS's immigration detainers do not provide state or local law enforcement officers with any authority to arrest or detain individuals for civil immigration violations.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 1

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2. This lawsuit challenges the City's unlawful policy and practice of detaining individuals based solely on a request by immigration officials and without reasonable suspicion or probable cause of a crime. Defendants are each liable under 42 U.S.C. § 1983 for violating Mr. Ahumada's Fourth Amendment rights.

## II. THE PARTIES

3. Plaintiff Enrique Ahumada-Meza is an individual residing in the State of Washington.

4. Defendant City of Marysville is a municipal corporation located in Snohomish County in the State of Washington. One division within the City is the Marysville Police Department Detention Division (the "Marysville Police"), which is responsible for the operation of the Marysville Detention Center.

5. Defendant Matthew Goolsby is a Sergeant in the Marysville Police. Mr. Goolsby is sued in his individual capacity.

## III. JURISDICTION AND VENUE

6. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# IV. FACTS

**A.     The City's Contracts with Federal Agencies**

8.    The City contracts jail services for the Marysville Detention Center with the United States Customs and Border Protection and Immigration and Customs Enforcement ("ICE"), among other federal agencies.

9.    None of the City's contracts with federal agencies direct or authorize the City to enforce federal immigration laws.

10.   None of the City's contracts with federal agencies direct or authorize the City to detain or extend the detention of an individual solely based on suspicion of a civil immigration violation.

**B.     Defendants' Policies and Practices for Releasing Individuals**

11.   Chapter 36.16 of the Marysville Police's manual sets forth the policies and practices relating to the release of individuals from the Marysville Detention Center (the "Manual").

12.   The Manual requires that in order to release an individual from the Marysville Detention Center, custody officers must receive proper authorization and employees must verify such authorization prior to release.

13.   Release authorization includes verification "[t]hat there are no other holds[,] detainers, warrants, or commitments outstanding which would preclude release."

14.   The Manual therefore requires custody officers and employees of the Marysville Detention Center to hold individuals on the basis of a hold, warrant, or detainer, including administrative immigration detainers or warrants.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## C. Mr. Ahumada's Unlawful Detention

15. Early on the morning of December 18, 2017, Mr. Ahumada was arrested by the Marysville Police and booked into the Marysville Detention Center in Marysville, Washington.

16. Later that same morning, Mr. Ahumada appeared before the Marysville Municipal Court (the "Marysville Court") and was arraigned on a charge of assault in the fourth degree under RCW 9A.36.041(2).

17. Mr. Ahumada entered a plea of not guilty.

18. The Marysville Court ordered him released on his own recognizance, conditioned upon having no contact with the alleged victim of the assault.

19. While Mr. Ahumada was awaiting arraignment, an ICE officer encountered Mr. Ahumada at the jail and issued a detainer requesting that the Marysville Police continue detaining him.

20. On information and belief, the Marysville Police placed a hold preventing Mr. Ahumada's release from jail.

21. As a result, instead of releasing Mr. Ahumada immediately after his arraignment on December 18, 2017, the City continued to hold Mr. Ahumada and then transferred him into the custody of ICE officers.

22. ICE officers transported Mr. Ahumada from the Marysville Detention Center to the Northwest Detention Center in Tacoma, Washington.

23. On January 24, 2018, Mr. Ahumada could not attend a hearing scheduled before the Marysville Court because he was still in ICE's custody. The Marysville Court issued a warrant for his arrest for failure to appear at the hearing and bail was set in the

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

amount of $2,500.

24. On February 6, 2018, Mr. Ahumada attended a bond hearing before the immigration court in Tacoma, Washington. The immigration judge set a bond in the amount of $5,000.

25. The bond for Mr. Ahumada was posted on February 13, 2018, and he was released from ICE's custody.

26. Mr. Ahumada learned of the warrant for his arrest when he was released from ICE's custody.

27. The next day, February 14, 2018, Mr. Ahumada reported to the Marysville Police with a local pastor. There he stated to Officer Michael Saint-Denis that he previously missed his court date because he was in ICE's custody and was only advised of the warrant for his arrest upon his release.

28. Mr. Ahumada was then arrested and booked into the Marysville Detention Center.

29. Mr. Ahumada is HIV positive. He needs to take three separate pills every day to address his health issue.

30. When he turned himself into the Marysville Police on February 14, 2018, Mr. Ahumada brought with him the medications necessary for his health condition.

31. Employees at the Marysville Detention Center took the medicine from him when he was processed and re-detained, and did not administer the medication at any time while he remained in their custody.

32. On February 15, 2018, Mr. Ahumada attended a hearing before the Marysville Court, where he was represented by Christine Frausto ("Ms. Frausto"). The

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Marysville Court again ordered that Mr. Ahumada be released on his own recognizance (the "February 15 Order").

33. Pursuant to the February 15 Order, Mr. Ahumada was entitled to be released immediately from the Marysville Police's custody.

34. At that time, Mr. Ahumada was not subject to any other warrants or orders of arrest under state law.

35. However, that same day, ICE once again placed an immigration detainer on Mr. Ahumada.

36. Because of this detainer the Marysville Police placed a hold on Mr. Ahumada, preventing his release from the Marysville Detention Center on the afternoon of February 15, 2018.

37. Ms. Frausto spoke on the phone with Mr. Goolsby on February 15, 2018 to inquire about and request Mr. Ahumada's release.

38. Mr. Goolsby told Ms. Frausto that Mr. Ahumada would not be released that day because of an immigration detainer.

39. Mr. Goolsby also told Ms. Frausto that Marysville Detention Center has a policy and practice of detaining individuals up to 72 hours on the basis of immigration detainers, even after they have been ordered to be released on bail or on personal recognizance.

40. On information and belief, Mr. Ahumada was detained at the Marysville Detention Center until around 8:00 a.m. on February 16, 2018. ICE officers then picked up Mr. Ahumada from the facility and transported him to ICE's field office in Seattle, Washington.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

41. Mr. Ahumada was released from immigration custody later that day after ICE verified that he had already been placed in removal proceedings.

42. On July 25, 2018, the Marysville Court dismissed the assault charge against Mr. Ahumada without prejudice.

## V. CAUSE OF ACTION
### DETENTION IN VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
**(Against Defendant City of Marysville and
Defendant Matthew Goolsby, in his individual capacity)**

43. Mr. Ahumada realleges and incorporates by reference Paragraphs 1-42 as if fully set forth herein.

44. 42 U.S.C. § 1983 provides a civil cause of action to any person who is deprived of rights guaranteed by the United States Constitution, other federal law, or under color of State law.

45. Defendants, through their policy or practice (or the policy or practice of another employee, officer, or agent of the City) of placing immigration holds on persons in the Marysville Detention Center who are otherwise entitled to release, deprived Mr. Ahumada of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

46. Goolsby unlawfully deprived Mr. Ahumada of his liberty by continuing to detain him pursuant to the ICE detainer, despite the February 15 Order releasing Mr. Ahumada on his own recognizance.

47. Mr. Ahumada suffered damages as a result of this deprivation of his rights in an amount to be proven at trial.

48. Pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983, Mr. Ahumada is

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

further entitled to a declaration that this policy or practice deprived Mr. Ahumada of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

49. Mr. Ahumada is further entitled to an award of his attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI. PRAYER FOR RELIEF

WHEREFORE, Mr. Ahumada respectfully requests the following relief:

A. A declaration that Defendants' policy and practice of maintaining custody of the subjects of immigration detainers without reasonable suspicion or probable cause and without a judicial warrant, after such individuals are ordered released by courts of competent jurisdiction, is unlawful and violated Mr. Ahumada's rights guaranteed under the Fourth Amendment of the United States Constitution;

B. Monetary damages in an amount to be proven at trial;

C. An award of Mr. Ahumada's costs, expenses, and attorneys' fees to the fullest extent permitted by applicable law; and

D. Such other and further relief as the Court deems just and proper.

DATED this 26th day of July, 2019.

McNAUL EBEL NAWROT & HELGREN PLLC

By:   s/ Avi J. Lipman
By:   s/ Curtis C. Isacke
    Avi J. Lipman, WSBA No. 37661
    Curtis C. Isacke, WSBA No. 49303

600 University Street, Suite 2700
Seattle, Washington 98101
Phone: (206) 467-1816
alipman@mcnaul.com
cisacke@mcnaul.com

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 8

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

NORTHWEST IMMIGRANT RIGHTS PROJECT

By   s/ Matt Adams
By   s/ Leila Kang
By   s/ Aaron Korthuis
    Matt Adams, WSBA No. 28287
    Leila Kang, WSBA No. 48048
    Aaron Korthuis, WSBA No. 53974

615 Second Avenue, Suite 400
Seattle, Washington 98104
Phone: (206) 957-8611
matt@nwirp.org
leila@nwirp.org
aaron@nwirp.org

Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983   (Case No. _____) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

4112-001 ig25ge05cd.003 2019-07-26